

# The Attorney General of Texas

July 19, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas    78711

Opinion No. MW-497

Re:  Accrual of good time
credit by jail inmates

Dear Mr. Viterna:

You have requested an opinion from this office concerning House Bill No. 647 passed by the Sixty-seventh Legislature which pertains to the manual labor of county jail prisoners and the commutation of time for good conduct and for the performance of manual labor. Acts 1981, 67th Leg., ch. 708, at 2647. House Bill No. 647 amends articles 43.10 and 45.53 of the Code of Criminal Procedure, and article 5118a, V.T.C.S.

You first ask the following question:

> Do the provisions of section 1 of House Bill
> No. 647 apply to work performed in the county jail
> and/or the rehabilitation center?

Section 1 of House Bill No. 647 amends article 43.10 of the Code of Criminal Procedure. The provision of the amended statute would apply to work performed by a misdemeanor convict during his incarceration in the county jail, but only if such labor is used upon public improvements. Sec. 4.

This office reached the same conclusion in opinions on a similar question concerning the use of misdemeanor convict laborers. Attorney General Opinions H-1101 (1977); O-3260 (1941). Each of those two opinions considered whether it would be necessary to establish a county workhouse or a county farm in order for a commissioner's court to utilize the labor of persons convicted of misdemeanors, on public roads, bridges or other projects of the county. Both opinions construed the applicable language of articles 43.09 and 43.10 of the Code of Criminal Procedure and concluded that the labor of a misdemeanor convict could only be used upon public improvement. These provisions remain identical in pertinent respect to the earlier versions following the recent amendments by the Sixty-seventh Legislature.

Article 43.09 provides in relevant part:

> When a defendant is convicted of a misdemeanor... he may... be put to work in the workhouse, or on the county farm, or on the public improvements of the county....

Article 43.10 provides in relevant part:

> 1. Each commissioners court _may_ provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted;
>
> ....
>
> 4. They shall be put to labor upon public works.... (Emphasis added).

It becomes clear when these two articles are read together that the provisions of article 43.10 refer to three types of labor as set forth in article 43.09. You express concern in your request letter that a particular county has neither a workhouse nor a county farm. The commissioners court has authority to establish these facilities to utilize convict labor, but it is not required to do so.

You next ask:

> Do the provisions of section 1 of House Bill No. 647 apply to inmates going to be transferred to TDC?

As already noted, section 1 of House Bill No. 647 amends article 43.10 of the Code of Criminal Procedure. Article 43.10 does not apply to felons who are in county jail merely awaiting transfer to the Department of Corrections. Article 43.10, by its express terms, applies "where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or... the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine." Where a person is convicted of a felony, and the punishment assessed is only a fine or term of jail, or both, the judgment may be satisfied in the same manner as a misdemeanor conviction. Code Crim. Proc. art. 42.10. Thus, where a person convicted of a felony is punished by jail time, a fine, or both, article 43.10 applies to him. The punishment of confinement in the county jail is to be distinguished from imprisonment in a Department of Corrections institution. See Code Crim. Proc. art. 42.09, §1. Since an inmate who is to be transferred to the Department of

Corrections has not been convicted of an offense punishable by confinement in jail, he is not subject to the provisions of article 43.10.

You next ask the following question:

> Under section 2 of House Bill No. 647, how much credit can be given an inmate with a one-year sentence?

Section 2 of House Bill No. 647 amends article 5118a, V.T.C.S., to read as follows:

> In order to encourage county jail discipline, a distinction may be made in the terms of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts;.... Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one (1) day for each day of the original sentence actually served may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine; provided, however, that such deduction in time shall not exceed one-third (1/3) of the original sentence as to fines and court costs assessed in the judgment of conviction. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For such sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape) any part or all of the commutation which shall have accrued under this Act in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the sheriff.... No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences. The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor. (Emphasis added).

The underlined portions indicate the changes made by House Bill No. 647 in this article which otherwise is virtually unchanged since adopted by the Fifty-fourth Legislature in 1955. The major changes increase the time allowable for good conduct and limit forfeiture of commutation to that accrued under this act.

The legislature also carried over the provision originally enacted in 1955 which states: "No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences." See Acts 1955, 54th Leg., ch. 461, at 1182.

At first, article 5118a, V.T.C.S., would seem to limit the total credit which could be deducted from a one-year sentence to six months (or one (1) day for each day of the original sentence actually served). However, this was clearly not the intent of the Sixty-seventh Legislature.

House Bill No. 647 added a totally new provision to article 43.10 of the Code of Criminal Procedure which provides as follows:

> For each day of manual labor, in addition to any other credits allowed by law, a prisoner is entitled to have one day deducted from each sentence he is serving. The deduction authorized by this Act, when combined with the deduction required by Article 42.10, Code of Criminal Procedure, 1965, may not exceed two-thirds (2/3) of the sentence. (Emphasis added).

Sec. 1, subsec. 6.

The first sentence of this section shows the legislature's intention to provide for commutation at the rate of one day for each day of manual labor in addition to other credits allowed by law, i.e., those allowed by article 5118a. The courts will, if possible, give effect to all sections of a single statute. Threshing Machine Company v. Howth, 293 S.W. 800 (Tex. 1927). We should attempt to harmonize and give effect to the addition to article 43.10 as well as the amendment to article 5118a.

When the limitation set forth in article 5118a is read in the context of both acts, it becomes clear that this was intended to be a limitation on the authority of the sheriff to reward an inmate for "good conduct, industry and obedience" by commuting up to "one (1) day for each day of the original sentence actually served... when no charge of misconduct has been sustained against the prisoner." The deductions provided for in article 43.10 have nothing to do with either the "good conduct" of the inmate or the authority of the

sheriff.  A prisoner becomes automatically "entitled" to these credits as a sort of compensation for "each day of manual labor."

The Sixty-seventh Legislature specifically limited the sheriff's authority to forfeit commutation time to "any part or all of the commutation which shall have accrued under this Act."  (Emphasis added).

If an inmate received the maximum amount of good time credit allowable under article 5118a and worked each day of his incarceration, he would discharge three days of his sentence for each day served.  Thus, on a one-year sentence, an inmate could receive a maximum of eight months credit.

Article 43.10 provides that "[t]he deduction authorized by this Act, when combined with the deductions required by article 42.10 of the Code of Criminal Procedure, 1965, may not exceed two-thirds (2/3) of the sentence."  Article 42.10 does not seem to "require" any deductions.  However, it would not appear to be necessary to analyze the legislative intent behind this particular sentence in order to answer your specific question.  Clearly the deduction authorized by article 43.10 when combined with the deductions authorized by any other existing statutes would not exceed eight months on a one-year sentence (or two-thirds of the sentence).

Your fourth question is as follows:

> Do the provisions of section 2 of House Bill No. 647 [amending article 5118a, V.T.C.S.] apply to inmates going to be transferred to TDC?

Such an inmate is technically confined by order of the court in the Texas Department of Corrections and is therefore subject to the provisions of article 6181-1, V.T.C.S., regarding good time.  See Ex parte Allen, 548 S.W.2d 905 (1977).  In addition, article 5118a states that "[t]his Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence, and fine."  (Emphasis added).  It clearly, by its own terms, is not applicable to sentences for incarceration in the Texas Department of Corrections.

Your fifth question is as follows:

> Under section 3 [of House Bill No. 647 which amends article 45.53 of the Code of Criminal Procedure] since the act states that fines are satisfied 'at the rate of not less than $15.00 for each day,' can the sheriff or justice of the peace increase the credit given against fines?

Article 45.53 of the Code of Criminal Procedure provides in part:

> A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:
>
> ....
>
> 2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of not less than $15 for each day.

The sheriff has authority under article 5118a, V.T.C.S., to commute up to one-third of the total fine assessed against a defendant who is serving out a fine in the county jail. Ex parte Minjares, 582 S.W.2d 105 (Tex. Crim. App. 1978). The court relied on the following language of the current version of article 5118a:

> A deduction in time not to exceed one third (1/3) of the original sentence may be made from the term or terms of sentences.... This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine....

Acts 1963, 58th Leg., ch. 371, at 943. The only change in this language relates to the amount of the deduction in time. Under this provision, the sheriff's action would in effect increase the credit given against such a fine above the $15 allowed by article 43.09.

## S U M M A R Y

The provisions of article 43.10, V.T.C.S., of the Code of Criminal Procedure apply to work performed by a misdemeanor convict during his incarceration in the county jail, but only if such labor is used upon public improvements. These provisions do not apply to convicted felons who are merely in county jail awaiting transfer to the Texas Department of Corrections. The maximum amount of credit which could be given to an inmate with a one-year sentence would be two-thirds of his sentence or eight months. The provisions of article 5118a, V.T.C.S., do not apply to inmates who are merely awaiting transfer to the Texas Department of Corrections. The sheriff could increase the credit given against a fine beyond the rate of $15.00 per day by commuting up to one-third of the total fine assessed against a

defendant in addition to the credit allowed under article 43.09, V.T.C.S.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Maury Hexamer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Maury Hexamer
Patricia Hinojosa
Jim Moellinger