

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,130

### EX PARTE ERIC RODGER VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 8607-B IN THE 21ST JUDICIAL DISTRICT COURT
### FROM BASTROP COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and sentenced to ten years' imprisonment. The Third Court of Appeals affirmed his conviction. *Vasquez v. State*, No. 03-97-00224-CR (Tex. App. – Austin, June 11, 1998, pet. ref'd).

Applicant contends, *inter alia*, that he was erroneously released pending the result of his direct appeal, and was not arrested until more than ten years later, despite his efforts to turn himself in. Applicant alleges that he should be entitled to credit for the time during which he was

erroneously released from custody through no fault of his own.

We remanded this application to the trial court for findings of fact and conclusions of law. Based on documentation provided by the Classification and Records Division of the Texas Department of Criminal Justice–Corrections Institutions Division, the trial court determined that Applicant was convicted and sentenced on January 31, 1997. On that same date, Applicant requested an appeal bond, which the trial court granted on that date. The trial court determined that Applicant was released from Bastrop County Jail on February 3, 1997, without having posted the appeal bond.

The trial court finds that the appellate mandate in this case issued on May 3, 1999, and the Bastrop County District Clerk's Office issued a capias for Applicant's arrest on May 27, 1999. However, Applicant was not arrested on the capias until August 9, 2007. The trial court finds that Applicant's release from Bastrop County Jail on February 3, 1997, was an error committed by Bastrop County, but that Applicant has not been given credit for the time he spent out of custody.

The trial court concludes that Applicant has not properly exhausted his administrative remedies as required by Section 501.0081 of the Texas Government Code. However, because Applicant would have discharged his sentence before the date upon which he filed this writ of habeas corpus if he were credited with all of the time he spent out of custody after his erroneous release, his claim is more in the nature of an illegal confinement claim than a time credit claim.

The trial court also concludes that because Applicant's conviction was not final when he was erroneously released on February 3, 1997, his sentence did not begin to run until August 9, 2007, when he was arrested on the capias issued after the return of the mandate. However, Applicant's sentence began to run when it was pronounced and he was arrested and placed in the Bastrop County Jail, on January 31, 1997. An Applicant is not entitled to credit for time spent out of custody

on an appeal bond. *Ex parte Allen*, 548 S.W.2d 905, 907 (Tex. Crim. App. 1977). However, in this case, Applicant was never properly released on appeal bond because he never posted such bond.

Pursuant to the rationale expressed in this Court's opinion in *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003), we find that Applicant is entitled to relief. Applicant shall be credited with the time from the date of his erroneous release from custody on February 3, 1997, to the date of his arrest on August 9, 2007.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 8, 2009
Do not publish