**DENIED and Opinion Filed December 31, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01014-CV**

**IN RE ROBERT B. READ, JR., Relator**

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81170-06**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Robert B. Read, Jr. has filed a petition for a writ of mandamus to compel the trial court to grant his motion seeking a time credit on his sentence. Concluding the petition does not meet the requirements of rule of appellate procedure 52 and does not show relator is entitled to mandamus relief, we deny the petition. Relator has also filed a motion seeking permission to file his petition. Because such a motion is unnecessary, we deny it as moot. *See* TEX. R. APP. P. 52.1.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in

rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

In this case, relator has filed an "Unsworn Declaration" stating that he does "swear and affirm that all facts and information in this Motion for Writ of Mandamus, are true and correc[t] to the best of my knowledge and belief." Relator's unsworn declaration does not indicate that the statements in the petition are supported by competent evidence in the appendix or record. Therefore, his certification does not meet the requirement of rule 52.3(j). *See id.*

Additionally, relator's petition is not accompanied by a sufficient record to support his assertions. To obtain mandamus relief for failure to rule on a motion, relator must show the trial court had a legal duty to rule on the motion, relator requested a ruling, and the trial court failed or refused to issue a ruling. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for

–2–

relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Relator's petition is supported only by an uncertified and unsworn copy of the judgment of conviction. There is no copy of the motion at issue, no indication relator has presented the motion to the trial court for a ruling, no letters reminding the trial court that the motion is pending, and no documents showing the status of relator's motion on the trial court's docket.

Without a record to support his petition, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759; *Prado*, 522 S.W.3d at 2; *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.—Texarkana 2008, orig. proceeding) (no mandamus relief absent proof motion was filed, presented to the trial court with a request for a ruling, and trial court given reasonable time to issue ruling).

In addition to requesting mandamus relief to compel the trial court to act on his motion, relator's petition further requests that the Court act directly to compel the trial court to alter his time credit. We note that the same evidentiary deficiencies that doom relator's case with regard to compelling the trial court to act on his motion are also present in requesting direct mandamus relief from this Court.

Moreover, assuming hypothetically the correctness of relator's representations, he has not shown he is entitled to mandamus relief. In his petition,

relator states that he was arrested on July 12, 2005 and was released later that day when he posted bond. He was brought to trial on March 9, 2009 and, according to the copy of the judgment, convicted on March 13, 2009. The trial court's judgment credits relator for confinement on July 12, 2005 and for five additional days in connection with his trial. Relator contends he should be entitled to an additional three years, seven months, and twenty-eight days for the time he was out on bond because he was in "constructive custody" while he was free on bond awaiting trial.

The court of criminal appeals has held that when a convicted person challenges the accuracy of his pretrial time credit, a judgment nunc pro tunc—or a writ of mandamus to the court of appeals if the trial court denies a motion for judgment nunc pro tunc—is appropriate only if the convicted person's right to a time credit is "absolutely indisputable under the terms of Article 42.03, Section 2(a)(1)." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011) (per curiam).

Under article 42.03, section 2(a)(1), relator was entitled to credit for the time he spent confined "in jail for the case" awaiting trial. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, §2(a)(1); *see also* TEX. R. APP. P. 23.2 (requiring time credit for time spent confined). By his own admission, relator was not "in jail" during the disputed period between his arrest and posting of bond in 2005 and the time of trial in 2009. Even with properly authenticated documents, nothing in the record shows relator is absolutely indisputably entitled to three years, seven months, and twenty-eight days of additional time credit as he alleges. *See* art. 42.03, §2(a)(1); *Brown*,

343 S.W.3d at 804; *see also Ex parte Allen*, 548 S.W.2d 905, 907 (Tex. Crim. App. 1977) (petitioner entitled to credit for time in jail pending appeal but not for time out on bond).

Because relator's petition is not properly certified, is not supported by a sufficient record, and does not absolutely indisputably show he is entitled to additional time credit on his sentence, we deny mandamus relief. *See Brown*, 343 S.W.3d at 804; *Butler*, 270 S.W.3d at 758–59; *Prado*, 522 S.W.3d at 2.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

211014f.p05