# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00123-CV

---

### In re Devon Dubois Burrus

---

## ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Devon Dubois Burrus, an inmate, has filed a pro se petition for writ of mandamus seeking to compel the district court to enter a nunc pro tunc judgment modifying his judgment of conviction to reflect credit for his time while out on bond.[1]

Mandamus may issue to compel a trial court to respond to a motion for judgment nunc pro tunc. *Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). But to obtain mandamus relief compelling a trial court's ruling on a motion, relator must first establish that (1) a properly filed motion has been pending for an unreasonable amount of time, (2) the motion was brought to the trial court's attention, and (3) the trial court failed or refused to rule on the motion. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

---

[1] Burrus makes contradictory statements about the basis for his requested relief, claiming both that the court "failed to rule" on his motion for judgment nunc pro tunc and that this mandamus petition is "in response to the ruling by" the judge of the 27th Judicial District Court.

Further, it is relator's burden to properly request and show his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). This burden includes providing the reviewing court with a sufficient record establishing his right to mandamus relief. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief).

Here, Burrus has not provided a file-stamped copy of the motion for judgment nunc pro tunc that he references in his petition. Without this record, we cannot determine whether he properly filed such a motion or, if he did, the date that the district clerk's office or judge received it. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (denying mandamus relief to relator who failed to provide file-marked copies of motions he claimed to have filed). Further, Burrus has not provided any record demonstrating that his motion for judgment nunc pro tunc was brought to the district court's attention or that he requested a ruling from that court. *See id.* at 662 (denying mandamus relief to relator who failed to show that he presented trial court with his motion and requested ruling on it).[2]

---

[2] Although we need not reach the merits of Burris's petition, we note that he would not have been entitled to a nunc pro tunc judgment modifying his judgment of conviction to reflect credit for his time while out on bond. A motion for judgment nunc pro tunc, or a mandamus petition to the appellate court if such motion is denied, affords a remedy only if the right to pretrial jail-time credit is "absolutely indisputable under the terms of Article 42.03, Section 2(a)(1)." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011). Under that statute, a convicted defendant is entitled to credit for time spent confined "in jail for the case" after arrest and until sentencing. Tex. Code Crim. Proc. art. 42.03, § 2(a)(1); *see also* Tex. R. App. P. 23.2 (addressing defendant's credit on sentence for time spent "confined"). A convicted defendant is not entitled to credit for time periods while out of custody and on bond. *Ex parte Allen*, 548 S.W.2d 905, 907 (Tex. Crim. App. 1977) (holding that Allen was "*not* entitled to credit for [ ] time periods out of custody"); *McKeand v. State*, No. 14-14-00943-CR, 2015 WL 5092177, at *3 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, no pet.) (mem. op., not designated for

Because Burrus failed to establish his right to relief, the petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed:   February 26, 2025

---

publication) ("Release on bond is not confinement even if a judge conditions the release on a defendant's compliance with certain conditions.").