## Ex parte Billy Frederick ALLEN.

### No. 53477.

Court of Criminal Appeals of Texas.

April 6, 1977.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Petitioner was convicted of the offense of robbery and sentenced to a fifteen (15) year term of imprisonment on March 22, 1973. The conviction was affirmed on appeal. See *Allen v. State*, 511 S.W.2d 53 (Tex.Cr. App.1974).

In this application for writ of habeas corpus, petitioner alleges that he has been denied certain jail time credit for time spent in jail prior to trial and during the pendency of his appeal. The trial court entered findings of fact and conclusions of law recommending that petitioner receive partial credit for certain jail time and recommended denial of credit for other periods of time. For this reason, we must review the history of this case as set out by the following chronological order of events:

(1) Petitioner was originally arrested on April 22, 1970, remaining in custody until July 1, 1970, at which time he posted bail pending trial.

(2) On July 28, 1970, petitioner was convicted and assessed a fifteen (15) year sentence, at which time he was recommitted to jail "pending appeal" even though he had not yet been formally sentenced. He remained in jail until December 12, 1970, when he made an appeal bond.

(3) Petitioner was rearrested on May 18, 1971, apparently after his bond was forfeited. Thereafter, it appears from the records before this Court that petitioner was formally sentenced *twice* once on November 27,

1972, and again on March 22, 1973. Then formal notice of appeal was given.

(4) Petitioner remained in custody until July 3, 1973, at which time he was once again released on appeal bond.

(5) On June 26, 1974, this Court affirmed petitioner's conviction; and according to the records of the trial court, petitioner was rearrested on that date and has remained in continuous confinement since that date. The trial court ordered that petitioner's sentence begin as of June 26, 1974.

■ Initially, it is noted that petitioner's original sentence does not reflect that the trial court awarded him any *pre-sentence* jail time credit. In the trial court's findings of fact and conclusions of law, there are no findings indicating that the failure to grant any pre-sentence credit was a clerical error; therefore, petitioner is not entitled to any pre-sentence jail time credit. See *Ex parte Vessels,* 467 S.W.2d 259 (Tex. Cr.App.1971); *Ex parte Washburn,* 459 S.W.2d 637 (Tex.Cr.App.1970); *Ex parte Freeman,* 486 S.W.2d 556 (Tex.Cr.App. 1973). Compare Article 42.03, Sec. 2, V.A. C.C.P., as amended August 28, 1973.

■ Petitioner is, however, entitled to credit for all the time spent in jail *pending appeal.* See *Robinson v. Beto,* 426 F.2d 797 (5th Cir. 1970); *Ex parte Griffith,* 457 S.W.2d 60 (Tex.Cr.App.1970); *Gardner v. State,* 542 S.W.2d 127 (Tex.Cr.App.1976); and *Ex parte Freeman, supra.*

From the record before this Court, the trial court has made findings that:

"Although no notice of appeal was given until March 22, 1973, in Cause No. C70–2694–LJ to the extent the court approved the petitioner's release on 'appeal bond' . . . on December 12, 1970, the court treated the case as being on appeal on that date."

■ It appears that due to certain clerical errors committed in the trial court formal sentence was never passed in a timely fashion, but all the parties assumed that the case was "pending appeal" at least as early

as December 12, 1970. There is no showing that petitioner was at fault in bringing about these delays. Compare *Ex parte Iglehart,* 535 S.W.2d 185 (Tex.Cr.App.1976). Since the trial court is given the primary authority to determine credit for time spent in jail, we accept the trial court's determination that petitioner's conviction was "pending appeal" as of this date. See *Ex parte Griffith, supra; Curlin v. State,* 505 S.W.2d 889 (Tex.Cr.App.1974); *Ex parte Bates,* 538 S.W.2d 790 (Tex.Cr.App.1976).

■ Therefore, petitioner is entitled to credit for all time spent in jail from December 12, 1970, pending his appeal. *Robinson v. Beto, supra.* However, since petitioner was out of custody, on bond, from December 12, 1970, until May 18, 1971, and from July 3, 1973, until June 26, 1974, petitioner *is not* entitled to credit for these time periods out of custody. See *Shaw v. State,* 539 S.W.2d 887 (Tex.Cr.App.1976); *Ex parte Francis,* 510 S.W.2d 345 (Tex.Cr.App.1974); *Ex parte Bates, supra.*

■ Additionally, we note that since petitioner's appeal was not affirmed until June 26, 1974, petitioner would also be entitled to consideration for "good time" credit for time spent in jail pending appeal pursuant to the provisions of Article 6184*l,* V.A. C.S. See *Pruett v. State of Texas,* 468 F.2d 51, aff'd en banc, 470 F.2d 1182 (5th Cir. 1973), aff'd in 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973); *Gardner v. State, supra.*

For the reasons stated, petitioner is entitled to "flat time" credit and "good time" credit consideration for time spent in jail pending his appeal from May 18, 1971, until July 3, 1973, and from June 26, 1974, until the present. The relief is partially granted to this extent. A copy of this opinion shall be delivered to the Texas Department of Corrections.

Opinion approved by the Court.