**Affirmed and Opinion filed April 29, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01119-CR

---

## DAVID  MCKEAND, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1925760**

---

## O P I N I O N

This appeal arises from a pretrial writ of habeas corpus.  The trial court issued a writ of habeas corpus but denied the relief sought, refusing to dismiss the case.  Appellant filed a timely notice of appeal.

### BACKGROUND

A deputy constable conducted a traffic stop of appellant's vehicle and arrested appellant.  Suspecting appellant had been driving while intoxicated, the

deputy constable obtained a blood draw.  *See* Tex. Transp. Code Ann. § 724.012. The record reflects appellant's blood alcohol content was .08.  Appellant asserted there was no probable cause to arrest.  He also asserted that he was unreasonably seized when handcuffed and placed in the back of a patrol car.  The trial court conducted a hearing on November 8, 2013, which was recessed and concluded on November 12, 2013.  The trial court set bond at $500 but denied appellant's requested relief to dismiss the charges of driving while intoxicated, second offense, pending against him.

## PRETRIAL HABEAS CORPUS

The issues raised in appellant's application for pretrial writ of habeas corpus and his brief on appeal regard the legality of appellant's arrest and the consequences arising from the arrest.  If proven, appellant's claims would result in suppression of evidence, not dismissal of the charges.  An unlawful arrest, in itself, does not justify a reversal of a conviction.  *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974).  It therefore follows that an unlawful arrest, in itself, does not justify the dismissal of a prosecution before trial.

The pretrial writ of habeas corpus is "an extraordinary writ."  *Ex parte Weise,* 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).  Neither a trial court nor an appellate court may entertain an application for writ of habeas corpus when there is an adequate remedy by appeal.  *Id.*  A pretrial writ may not be used to challenge a denial of a pretrial motion to suppress.  *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969); *see Ex parte King*, 134 S.W.3d 500, 502 (Tex.App.—Austin 2004, pet. ref'd).  By analogy to *Conner*, appellant cannot use pretrial habeas corpus as a substitute for a motion to suppress and thereafter pursue an interlocutory appeal of the court's pretrial ruling.

2

We conclude the trial court did not err in refusing to dismiss the charges pending against appellant. Accordingly, we affirm the trial court's ruling.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

Publish — Tex. R. App. P. 47.2(b).