**Affirmed and Memorandum Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00943-CR

**DAVID SIDNEY MCKEAND, Appellant**

**V.**

**THE State of Texas, Appellee**

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Cause No. 1913470**

# MEMORANDUM OPINION

Appellant David Sidney McKeand appeals his conviction for driving while intoxicated. Finding no basis to reverse the trial court's judgment based on appellant's three appellate issues, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a pretrial application for habeas-corpus relief. In the application, appellant contended he was illegally restrained because he was

arrested by a peace officer acting outside of the officer's jurisdiction. Appellant also asserted the peace officer violated appellant's right to freedom from unreasonable searches and seizures by handcuffing appellant too tightly and for a long period of time. In his application, appellant requested that the trial court dismiss the charges against him as a result of these alleged violations.

The trial court granted the writ of habeas corpus but denied appellant relief. Appellant appealed the denial of relief to this court. In a per curiam opinion, this court determined the issues raised in appellant's pretrial application for habeas-corpus relief were not cognizable pretrial habeas-corpus claims because even if appellant's claims had merit, he would not be entitled the dismissal of the charges against him. *McKeand v. State*, 430 S.W.3d 572, 573 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (per curiam). This court held appellant could not use a pretrial application for habeas-corpus relief as a substitute for a motion to suppress evidence. *Id.* Thus, this court affirmed the trial court's order denying appellant relief in his habeas-corpus application. *Id.* Appellant did not thereafter file a motion to suppress evidence.

Appellant later pleaded "guilty" to the offense of driving while intoxicated. The trial court assessed punishment at 180 days' confinement. The trial court suspended the sentence and ordered appellant to serve two years' community supervision.

## II.   ANALYSIS

### A. Refusal to Grant Habeas-Corpus Relief

In his first issue, appellant asserts the trial court abused its discretion in refusing to grant habeas-corpus relief. Under this issue, appellant makes three different arguments relating to his habeas-corpus application. Appellant argues the

trial court abused its discretion in (1) denying his application for habeas-corpus relief because he was illegally arrested, (2) failing to rule on his Fourth-Amendment claim, and (3) denying his application for habeas-corpus relief because he was denied counsel. We address these arguments in turn.

## 1. *Illegal-Arrest Argument*

In his application for habeas-corpus relief, appellant argued that he was illegally restrained because his arrest was illegal. In particular, appellant contended his arrest was illegal because the peace officer who arrested him did not have authority and because the manner of the arrest violated appellant's right to be free from unreasonable searches and seizures. Appellant requested that the trial court dismiss the charges against him. The trial court granted the writ and denied appellant relief. As noted, appellant appealed that denial to this court, and we affirmed the trial court's denial of relief. *See id.* at 572.

Under the "law of the case" doctrine, an appellate court's resolution of a question of law in a previous appeal in the same case governs the disposition of the same issue if it is raised in a subsequent appeal. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999). In our opinion reviewing appellant's pretrial habeas-corpus application, we explained that if appellant proved the claims raised in this application, appellant would be entitled to a suppression of evidence rather than a dismissal of the charges against appellant. *McKeand*, 430 S.W.3d at 573. We stated that an unlawful arrest, by itself, does not justify a reversal of a conviction. *Id*. Under the law of the case, appellant is not entitled to relief he sought in his habeas-corpus application. *See Howlett*, 994 S.W.2d at 666; *McKeand*, 430 S.W.3d at 573. Therefore, the trial court did not err in denying his application for habeas-corpus relief based on the allegedly illegal arrest. *See Howlett*, 994 S.W.2d at 666; *McKeand*, 430 S.W.3d at 573.

3

## 2. *Alleged Refusal to Rule on Fourth-Amendment Claim*

Under appellant's first issue, he also asserts that the trial court erred in refusing to rule on his claim that the police violated appellant's right to be free from unreasonable searches and seizures by handcuffing him for five hours. Appellant presented this issue in his application for habeas corpus. The trial court ruled on the issue when the trial court granted the writ and denied appellant relief. *See Leal*, —S.W.3d—,—, 2015 WL 3940639, at *1 (Tex. App.—Houston [14th Dist.] Jun. 25, 2015, pet. filed); *Cisneros v. State*, 290 S.W.3d 457, 462–63 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd). Because the trial court ruled on this issue, appellant's argument lacks merit.

The record reflects the following exchange from the hearing on appellant's application for habeas-corpus relief:

> [Appellant]: . . . There are a couple of other issues in the habeas corpus motion[,] one dealing with the issue of time and the reasonableness of the stop. The arrest took place about ten minutes after 11:00. I was placed in handcuffs for essentially three and a half hours before a blood draw was taken. There was an additional hour before - -
>
> [The Court]: I thought we were - - I thought this hearing was just on whether or not the constable had jurisdiction.
>
> [Appellant]: It should be, Your Honor, because I don't have any evidence to support my additional issues, but I want to reserve the right to argue those at another time or date.
>
> [The Court]: If we do that, we will do it with a motion to suppress or trial. Otherwise, it's - - if the whole point of doing it this way is for judicial economy, I'm not going to have four writ hearings.
>
> [Appellant]: I agree with you, Your Honor.

To the extent appellant complains about the trial court's refusal to hear his arguments, appellant failed to preserve error because he did not object to the trial

court's refusal.

For error preservation, the record must show that the trial court ruled, expressly or implicitly, on the request, objection, or motion, or the trial court refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Appellant did not object to the trial court's refusal to hear argument on appellant's claim that the police violated his right to freedom from unreasonable searches and seizures. To the contrary, appellant stated he agreed with the trial court and had no evidence on the issue. To the extent appellant asserts the trial court erred by failing to hear his argument on the issue, appellant did not preserve error in the trial court. Tex. R. App. P. 33.1(a)(2); *Pena*, 353 S.W.3d at 807.

### 3. *Fifth-Amendment Claim*

Lastly, appellant asserts under his first issue that the peace officer violated appellant's Fifth-Amendment right to counsel, which precluded appellant from acquiring an exculpatory blood specimen.[1] Appellant's application for habeas-corpus relief included a statement that appellant is entitled to counsel and quotations from Texas Transportation Code Sections 724.019 and 724.062. Section 724.019 provides that an individual who submits to the taking of breath, blood, urine, or another bodily substance at the request or order of a peace officer may request a second sample from a physician, qualified technician, chemist, or registered professional nurse. Tex. Transp. Code Ann. § 724.019 (West, Westlaw through 2013 3d C.S.). Section 724.062 allows a defendant to submit to the jury evidence that an officer refused his request for a second sample. *See* Tex. Transp.

---

[1] There is a right to counsel under the Fifth Amendment to the United States Constitution under certain circumstances. *See Griffith v. State*, 55 S.W.3d 598, 602–03 (Tex. Crim. App. 2001).

Code Ann. § 724.062 (West, Westlaw through 2013 3d C.S.). Appellant's habeas-corpus application does not contain any additional analysis or explanation of his complaint. His appellate brief does not shed any additional light on his concern.

Appellant is an attorney. Appellant represented himself in the trial court. Appellant does not state that he requested an attorney after he was arrested, nor does he explain how his rights were violated or why he was entitled to pretrial habeas-corpus relief on this ground. Appellant did not elaborate on this argument during the hearing on his application for habeas-corpus relief. The ambiguous statement in appellant's habeas-corpus application did not present a claim to the trial court with sufficient specificity for the trial court to rule on the claim. *See* Tex. R. App. P. 33.1(a)(1)(A). The complaint did not convey to the trial court the particular relief appellant requested or the reason why appellant was entitled to that relief. *See Pena v. State*, 285 S.W.3d at 463–64 (Tex. Crim. App. 2009). Appellant did not preserve error in the trial court as to the Fifth-Amendment complaint that he asserts on appeal.

Appellant's arguments under his first issue lack merit. Accordingly, we overrule appellant's first issue.

## B. Credit for Time on Bond

In his second issue, appellant asserts the trial court imposed a sentence that exceeds the statutory limits for community supervision. Appellant notes that before his conviction, he was subjected to conditions, including the installation of an interlock-ignition device and drug and alcohol testing, in exchange for release on bond. Appellant asserts these conditions constituted community supervision. Therefore, according to appellant, imposing an additional two years of community supervision exceeds the maximum period for post-conviction community supervision of two years for a misdemeanor. *See* Tex. Code Crim. Proc. Ann. art.

42.12 §§ 3(a), 5(a) (West, Westlaw through 2013 3d C.S.). Appellant argues that under Texas Rule of Appellate Procedure 23.2, the trial court should have given him credit for the time he was on bond before sentencing. Rule 23.2 requires a trial court to credit "all time between the defendant's arrest and confinement to the time when judgment and sentence should have been entered and pronounced" against a defendant's sentence. Tex. R. App. P. 23.2(b).

To preserve a claim for appellate review, one must timely present the claim to the trial court. Tex. R. App. P. 33.1(a); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Appellant did not present this issue to the trial court. Accordingly, appellant did not preserve his claim for appellate review. *See* Tex. R. App. P. 33.1(a); *Haley*, 173 S.W.3d at 515.

Even if appellant had preserved the claim in the trial court, we would conclude that he is not entitled to credit for the time he was at liberty on bond, nor does the release on bond count as part of appellant's sentence. *See Ex parte Allen*, 548 S.W.2d 905, 907 (Tex. Crim. App. 1977). In September 2013, appellant was subjected to an order for pretrial supervision as a condition of being released on bond. The order required appellant to pay an administrative fee each month and subjected him to drug and alcohol testing. The order also required appellant to install an ignition-interlock device in his vehicle. Under Texas Code of Criminal Procedure Article 17.40, a magistrate may impose any reasonable condition of bond related to the safety of the victim or to the alleged offense or to the safety of the community. *See* Tex. Code Crim. Proc. Ann. art. § 17.40 (West, Westlaw through 2013 3d C.S.). The Texas Code of Criminal Procedure specifically authorizes drug and alcohol testing as well as requiring a defendant to install an ignition-interlock device. *See* Tex. Code Crim. Proc. Ann. art. §§ 17.44, 17.441 (West, Westlaw through 2013 3d C.S.). Release on bond is not confinement even

7

if a judge conditions the release on a defendant's compliance with certain conditions. *See Ex parte Allen*, 548 S.W.2d at 907. Appellant is not entitled to credit for time he was at liberty pending sentencing. *Id.* Nor does the time when appellant was at liberty on bond before sentencing count as part of his sentence. *See id.*

In sum, appellant did not preserve error on this claim. *See Haley*, 173 S.W.3d at 515. But, even if appellant had preserved error as to this issue, the claim would lack merit. *See Ex parte Allen,* 548 S.W.2d at 907. Accordingly, we overrule the second issue.

### C. Conditions of Community Supervision

In his third issue, appellant asserts that he is required to attend Alcoholics Anonymous ("AA") meetings as a condition of his community supervision and that this condition violates the First Amendment to the United States Constitution. Appellant asserts the trial court "artfully attempts to skirt the law" by referring to Alcohol Anonymous meetings as self-help group meetings, but a notation on the docket sheet that says "AA meetings" proves the trial court required appellant to attend Alcoholics Anonymous meetings. No condition in the terms of community supervision, signed by appellant and the trial court, requires appellant to attend Alcoholics Anonymous meetings. The condition in the terms of community supervision is that appellant "participate in self[-]help group meetings for [s]ubstance [a]buse." The language in the signed terms of community supervision, which requires attendance at self-help group meetings, controls over the conflicting notation on the docket sheet. *See Flores v. State*, 524 S.W.2d 71, 72 (Tex. Crim. App. 1975) (holding statement in judgment controlled over recitation made on the court's docket); *State v. Rowan*, 927 S.W.2d 116, 117 & n.3 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (same).

The Court of Criminal Appeals has explained community supervision is "not a right, but a contractual privilege." *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). The conditions of community supervision are terms of the contract entered into between the trial court and the defendant. *Id.* If appellant found this condition of community supervision objectionable, appellant was required to complain at trial if appellant was aware of the condition of community supervision in time to object at trial. *See Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014); *Speth*, 6 S.W.3d at 534. Presuming for the sake of argument that appellant was not required to object to the condition at the time of trial, the terms of the signed contract between appellant and the trial court do not require appellant's attendance at Alcoholics Anonymous meetings. *See Flores*, 524 S.W.2d at 72; *Rowan*, 927 S.W.2d at 117 & n.3. Finding appellant's argument without merit, we overrule appellant's third issue.

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

9