# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00689-CR

### Ex parte Tallion Kyle Taylor

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 15-2925-K368, THE HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Tallion Kyle Taylor was charged by indictment with ten counts of possession of child pornography. *See* Tex. Penal Code § 43.26(a). Subsequently, appellant filed a pretrial application for writ of habeas corpus. *See* Tex. Const. art. I, § 12; Tex. Code Crim. Proc. arts. 11.01, 11.05. After conducting an evidentiary hearing, the trial court denied relief. On appeal, appellant asserts that the trial court abused its discretion by denying his habeas corpus application because the search warrant executed by law enforcement, which led to the ultimate discovery of the digital images forming the basis of the instant charges of possession of child pornography, was based on a probable cause affidavit that relied on an unconstitutional Penal Code statute. We affirm the trial court's order denying habeas relief.

## BACKGROUND

The record reflects that appellant's ex-wife reported to police that appellant had threatened, via a cell phone text message, to disclose "an intimate photograph of her." Based on the information received from appellant's ex-wife and the evidence retrieved from her cell phone, the

police obtained an evidentiary search warrant for appellant's cell phone. In the supporting probable cause affidavit, the officer affiant asserted his belief that, based on the recited facts, probable cause existed to believe that appellant had committed the offense of unlawful disclosure or promotion of intimate visual material in violation of section 21.16 of the Texas Penal Code and that evidence of that crime would be found on appellant's cell phone.[1] Appellant's cell phone was seized pursuant to that search warrant. Ultimately, as a result of subsequent search warrants, a collection of just over 300 hundred digital images that police believed to be child pornography was discovered on multiple electronic devices belonging to appellant, including appellant's cell phone, multiple USB drives, and multiple SD cards. Appellant was arrested and then charged by indictment with ten counts of possession of child pornography pursuant to section 43.26(a) of the Texas Penal Code, which prohibits the possession of "visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." *See* Tex. Penal Code § 43.26(a).

---

[1] Section 21.16 of the Texas Penal Code, intended to combat the practice commonly referred to as "revenge pornography," *see* Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg. R.S. (2015), provides, as relevant to this case:

(c)    A person commits an offense if the person intentionally threatens to disclose, without the consent of the depicted person, visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct and the actor makes the threat to obtain a benefit:

        (1)    in return for not making the disclosure; or

        (2)    in connection with the threatened disclosure.

Tex. Penal Code § 21.16(c). During the course of the proceedings below, appellant's counsel referred to the statute as "the revenge porn statute."

Approximately five months after indictment, appellant filed several pretrial motions, including two challenging the lawfulness of the initial search warrant and ensuing seizure of appellant's cell phone: *Applicant's Pre-Trial Motion for Writ of Habeas Corpus* and a *Motion to Suppress Evidence Obtained Pursuant to Insufficient/Invalid Warrant Which Lacked Probable Cause*. In these two motions (and at the evidentiary hearing), appellant asserted that the initial search warrant was invalid. He argued that the probable cause affidavit—alleging the commission of the offense of unlawful disclosure or promotion of intimate visual material—relied on an unconstitutional statute. He asserted that Penal Code section 21.16(c) is unconstitutional because it governs speech-based conduct protected by the First Amendment. Appellant further maintained that because the statute is unconstitutional, the conduct alleged in the probable cause affidavit did not constitute a crime and there was no probable cause to establish a crime. Therefore, according to appellant, the initial search and seizure of appellant's cell phone, based on the evidentiary search warrant issued upon that affidavit, was unlawful and he is entitled to pretrial habeas corpus relief.

**DISCUSSION**

In a single point of error, appellant argues that the trial court should have granted his pretrial application for writ of habeas corpus because Penal Code section 21.16(c), the statute on which police based their evidentiary search warrant to seize appellant's cell phone, is unconstitutional because it violates the First Amendment.

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006);

3

*Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, — S.W.3d. —, No. PD-0578-16, 2017 WL 2799980, at *2 (Tex. Crim. App. June 28, 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see Ingram*, 2017 WL 2799980, at *2; *Perry*, 483 S.W.3d at 895. Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd); *see, e.g.*, *Perry*, 483 S.W.3d at 895 (addressing cognizability of "as applied" challenge to constitutionality of statute); *Ex parte Doster*, 303 S.W.3d 720, 724–27 (Tex. Crim. App. 2010) (addressing cognizability of IAD claim). When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Perry*, 483 S.W.3d at 895–96; *Weise*,

4

55 S.W.3d at 619.  Appellate courts should be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial stage.  *See Ellis*, 309 S.W.3d at 79; *Doster*, 303 S.W.3d at 724; *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).  "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Weise*, 55 S.W.3d at 619; *see Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd); *Paxton*, 493 S.W.3d at 297.

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the applicant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release.  *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006) (citing *Weise*, 55 S.W.3d at 619); *see Smith*, 178 S.W.3d at 801 (explaining that defendant may use pretrial writ of habeas corpus "only in very limited circumstances:" (1) to challenge State's power to restrain him at all; (2) to challenge manner of his pretrial restraint, such as denial of bail or conditions attached to bail; and (3) to raise certain issues that, if meritorious, would bar prosecution or conviction); *see also Perry*, 483 S.W.3d at 895 (discussing types of claims that are cognizable in pretrial writ of habeas corpus); *Weise*, 55 S.W.3d at 619–20 (same).

Appellant contends that he is entitled to pretrial habeas corpus relief because the initial search warrant in this case, which led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices, was rendered invalid because Penal Code section 21.16(c), "the revenge porn statute," is unconstitutional.  In addressing the cognizability of his claim on pretrial habeas, appellant asserts that his constitutional challenge to Penal Code section

21.16(c)—the statute upon which the probable cause affidavit was based—may be raised in a pretrial application for writ of habeas corpus because that statute is "the statute upon which the State [is] relying for prosecution" and it is "the statute upon which the State's prosecution in this case began." We disagree.

Habeas corpus is an extraordinary writ used to challenge the legality of one's restraint. *See* Tex. Code Crim. Proc. arts. 11.01 (providing habeas corpus is "remedy to be used when any person is restrained in his liberty"), 11.22 (defining "restraint"). "The purpose of an application for writ of habeas corpus is to remove an illegal restraint on an applicant's liberty." *Ex parte Walsh*, — S.W.3d —, Nos. 02-17-00136-CR, 02-17-00137-CR, & 02-17-00138-CR, 2017 WL 3821890, at *3 (Tex. App.—Fort Worth Aug. 31, 2017, no pet. h.); *see Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint."). In the pretrial context, a person is "restrained" as required for pretrial habeas relief by pending criminal charges against him. *See Weise*, 55 S.W.3d at 619 (observing that pretrial habeas applicant "was restrained of his liberty . . . when he was charged with [an offense] and released on bond to await trial"); *Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01."); *see also* George E. Dix & John M. Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 35:4 (3d ed. 2016) ("In the pretrial context, the existence of pending charges is generally sufficient to show restraint.").

For that reason, pretrial habeas may be used to assert a claim that the statute under which the applicant is being prosecuted is unconstitutional on its face. *See Ingram*,

6

2017 WL 2799980, at *3; *Ellis*, 309 S.W.3d at 79; *Weise*, 55 S.W.3d at 620. If the statute is unconstitutional on its face, the statute is not valid and, thus, the charging instrument is void. *Weise*, 55 S.W.3d at 620; *see Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because the invalidity of the statute would render the charging instrument void."). A claim asserting that the statute defining the charged offense (and thus underlying the prosecution) is facially unconstitutional challenges the trial court's power to proceed. *See Weise*, 55 S.W.3d at 620.

Here, appellant does not allege that Penal Code section 43.26(a), the possession of child pornography statute, is facially unconstitutional. Instead, he challenges the facial constitutionality of Penal Code section 21.16(c), "the revenge porn statute." But appellant is being prosecuted under Penal Code section 43.26(a) not Penal Code section 21.16(c). Thus, appellant's constitutional challenge does not challenge the statute under which he is being prosecuted, which is the statute imposing the restraint on his liberty. Even if appellant prevailed on the merits of his constitutional claim and "the revenge porn statute" was found to be defective for the reasons appellant asserts, the trial court would, nevertheless, have the power to proceed with the prosecution against appellant. The alleged unconstitutionality of Penal Code section 21.16(c) does not render the charging instrument against appellant—based on violations of Penal Code section 43.26(a)—void. Thus, a ruling in appellant's favor would not result in his release from the restraint imposed by the pending charges of possession of child pornography.

7

Appellant, in effect, sought an evidentiary ruling via pretrial habeas.[2] *See Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) ("[A] pretrial motion to suppress evidence is 'nothing more than a specialized objection to the admissibility of that evidence.'") (quoting *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981)). Although appellant challenged the constitutionality of a Penal Code statute in his pretrial habeas corpus application, it is not the statute subjecting him to restraint. Appellant suggests that the effect of declaring "the revenge porn statute" unconstitutional would result in the invalidation of the probable cause affidavit. He then further assumes that if the probable cause affidavit was declared invalid, this would result in the suppression of evidence obtained pursuant to the search warrant based on that affidavit. *But see McClintock v. State*, — S.W.3d —, No. PD-1641-15, 2017 WL 1076289, at *7 (Tex. Crim. App. Mar. 22, 2017) (concluding that statutory "good faith" exception of article 38.23(b) applies where search warrant, though later found to be based on illegality, was obtained by law enforcement in good faith and on objectively reasonable belief that it was valid and relied on appropriately obtained evidence). We express no opinion about that issue but observe that an evidentiary ruling—even in appellant's

---

[2] The claim appellant raised in his pretrial application for writ of habeas corpus simply re-urged his motion to suppress. In fact, we note that the section setting forth "Applicant's Claim" in his habeas corpus application incorporates, verbatim, the first argument raised in his motion to suppress, except that it substitutes the term "Applicant" for "Defendant" and concludes that appellant "is entitled to pre-trial habeas corpus relief" rather than concluding that "all evidence obtained in this case . . . should be suppressed." A pretrial application for writ of habeas corpus may not be used to challenge the denial of a pretrial motion to suppress. *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969); *see Ex parte King*, 134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd). Further, a defendant "cannot use pretrial habeas corpus as a substitute for a motion to suppress and thereafter pursue an interlocutory appeal of the court's pretrial ruling." *McKeand v. State*, 430 S.W.3d 572, 573 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

favor—would not result in appellant's immediate release from the restraint on his liberty imposed by the pending criminal charges.

The writ of habeas corpus is not available where judicial determination of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *See Ingram*, 2017 WL 2799980, at *2 ("Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release."); *Perry*, 483 S.W.3d at 895 (same); *Doster*, 303 S.W.3d at 724 ("Aside from double-jeopardy issues, pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release."); *Weise*, 55 S.W.3d at 619 ("[A] pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release."). Accordingly, because a ruling in appellant's favor on the merits of his pretrial habeas claim would not result in his immediate release from restraint, we conclude that appellant's claim—challenging the constitutionality of the Penal Code statute underlying the probable cause affidavit supporting the search warrant that led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices—is not cognizable on a pretrial application for habeas corpus relief. Therefore, we hold that the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus.

## CONCLUSION

The function of a writ of habeas corpus is to secure release from unlawful confinement or restraint. Here, appellant sought an evidentiary ruling regarding the legality (or

9

alleged illegality) of the initial search warrant that led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices. Although he raised a facial constitutional challenge to a Penal Code statute, it is not the statute under which he is being prosecuted and, thus, is not the statute subjecting him to restraint. Therefore, the question presented in appellant's pretrial habeas claim, even if resolved in his favor, would not result in his immediate release. For that reason, appellant's claim is not cognizable on a pretrial application for writ of habeas corpus. Consequently, we cannot conclude that the trial court abused its discretion in denying appellant's application for writ of habeas corpus. We affirm the trial court's denial of habeas relief.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   October 26, 2017

Do Not Publish

10