# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00481-CR

### Ex parte Tallion Kyle Taylor

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 15-2925-K368, THE HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Tallion Kyle Taylor stands charged by indictment with ten counts of possession of child pornography. *See* Tex. Penal Code § 43.26(a). Appellant filed a pretrial application for writ of habeas corpus, *see* Tex. Const. art. I, § 12; Tex. Code Crim. Proc. arts. 11.01, 11.05, seeking pretrial habeas corpus relief because the search warrant executed by law enforcement, which led to the ultimate discovery of the digital images forming the basis of the instant charges of possession of child pornography, was based on a probable cause affidavit that relied on an unconstitutional Penal Code statute.[1] The trial court denied habeas relief.

In a single point of error, appellant asserts that the trial court abused its discretion by denying his application for writ of habeas corpus because the Twelfth Court of Appeals has held a portion of the statute underlying the probable cause affidavit in this case to be facially unconstitutional. We affirm the trial court's order denying habeas relief.

---

[1] As we later discuss, this is appellant's second pretrial application for writ of habeas corpus challenging the constitutionality of the statute upon which the probable cause affidavit was based.

## BACKGROUND

The record reflects that appellant's ex-wife reported to police that appellant had threatened, via a cell phone text message, to disclose "an intimate photograph of her." Based on the information received from appellant's ex-wife and the evidence retrieved from her cell phone, the police obtained an evidentiary search warrant for appellant's cell phone. In the supporting probable cause affidavit, the officer affiant asserted his belief that, based on the recited facts, probable cause existed to believe that appellant had committed the offense of unlawful disclosure or promotion of intimate visual material in violation of section 21.16 of the Texas Penal Code and that evidence of that crime would be found on appellant's cell phone.[2] Appellant's cell phone was seized pursuant to that search warrant. Ultimately, as a result of subsequent search warrants, a collection of just over 300 digital images that police believed to be child pornography was discovered on multiple electronic devices belonging to appellant, including appellant's cell phone, multiple USB drives, and multiple SD cards. Appellant was arrested and then charged by indictment with ten counts of

---

[2] Section 21.16 of the Texas Penal Code, intended to combat the practice commonly referred to as "revenge pornography," *see* Senate Research Center, Bill Analysis, Tex. S.B. 1135, 84th Leg. R.S. (2015), provides, as relevant to this case:

> (c) A person commits an offense if the person intentionally threatens to disclose, without the consent of the depicted person, visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct and the actor makes the threat to obtain a benefit:
>
> > (1) in return for not making the disclosure; or
> >
> > (2) in connection with the threatened disclosure.

Tex. Penal Code § 21.16(c). During the course of the proceedings below, appellant's counsel referred to the statute as "the revenge porn statute."

2

possession of child pornography pursuant to section 43.26(a) of the Texas Penal Code, which prohibits the possession of "visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." *See* Tex. Penal Code § 43.26(a).

Approximately five months after indictment, appellant filed several pretrial motions, including two challenging the lawfulness of the initial search warrant and ensuing seizure of appellant's cell phone: *Applicant's Pre-Trial Motion for Writ of Habeas Corpus* and a *Motion to Suppress Evidence Obtained Pursuant to Insufficient/Invalid Warrant Which Lacked Probable Cause*. In these two motions (and at the evidentiary hearing), appellant asserted that the initial search warrant was invalid because the probable cause affidavit—alleging the commission of the offense of unlawful disclosure or promotion of intimate visual material—relied on an unconstitutional statute. He argued that Penal Code section 21.16(c) is unconstitutional because it governs speech-based conduct protected by the First Amendment. Because the statute is unconstitutional, appellant further maintained, the conduct alleged in the probable cause affidavit did not constitute a crime and there was no probable cause to establish a crime. Therefore, according to appellant, the initial search and seizure of appellant's cell phone, based on the evidentiary search warrant issued upon that affidavit, was unlawful and he is entitled to pretrial habeas corpus relief.

After conducting an evidentiary hearing, the trial court denied appellant's application for writ of habeas corpus and motion to suppress. Appellant appealed the trial court's order denying habeas relief to this Court. We affirmed the trial court's order, concluding that appellant's claim was not cognizable in a pretrial application for writ of habeas corpus. *See Ex parte Taylor*,

3

No. 03-16-00689-CR, 2017 WL 4898989, at *4–5 (Tex. App.—Austin Oct. 26, 2017, pet. ref'd) (mem. op., not designated for publication).

Seven months after we issued our opinion, appellant again challenged the lawfulness of the initial search warrant and ensuing seizure of appellant's cell phone by filing a subsequent pretrial motion for writ of habeas corpus and a second motion to suppress evidence. In these two motions, appellant again argued that the initial search warrant was invalid because the probable cause affidavit relied on Penal Code section 21.16(c), which he again asserted is unconstitutional because it governs speech-based conduct protected by the First Amendment. Appellant re-urged his claim that "the revenge porn statute" is unconstitutional based on an opinion issued by the Twelfth Court of Appeals, in which the Tyler Court held that "Texas Penal Code, Section 21.16(b), to the extent it proscribes the disclosure of visual material, is unconstitutional on its face in violation of the Free Speech clause of the First Amendment."[3]  *Ex parte Jones*, No. 12-17-00346-CR,

---

[3] The opinion from the Tyler Court discussed the constitutionality of subsection (b) of the statute, which provides:

(b)    A person commits an offense if:

   (1)    without the effective consent of the depicted person, the person intentionally discloses visual material depicting another person with the person's intimate parts exposed or engaged in sexual conduct;

   (2)    the visual material was obtained by the person or created under circumstances in which the depicted person had a reasonable expectation that the visual material would remain private;

   (3)    the disclosure of the visual material causes harm to the depicted person; and

4

2018 WL 2228888, at *8 (Tex. App.—Tyler May 16, 2018, pet. granted).[4] Appellant once again argued that, because the statute is unconstitutional, the conduct alleged in the probable cause affidavit did not constitute a crime and there was no probable cause to establish a crime. Therefore, appellant once again claimed, the initial search and seizure of appellant's cell phone, based on the evidentiary search warrant issued upon that defective affidavit, was unlawful and he is entitled to pretrial habeas corpus relief.

The trial court considered appellant's second motion to suppress and subsequent habeas application at a pretrial hearing. Neither party presented evidence. Appellant's counsel declined to present argument, instead relying on the pleadings, maintaining that "what's in the motion is what's in the motion." The prosecutor observed that the factual basis underlying the motions had not changed since the prior habeas application and motion to suppress and indicated that "the only thing that's changed" is the opinion from the Tyler Court of Appeals, which is "unbinding precedent" that should not impact the trial court's decision. The prosecutor asserted that the issue

(4)   the disclosure of the visual material reveals the identity of the depicted person in any manner, including through:

   (A)   any accompanying or subsequent information or material related to the visual material; or

   (B)   information or material provided by a third party in response to the disclosure of the visual material.

Tex. Penal Code § 21.16(b).

[4] We observe that in his motions and in his brief on appeal, appellant cites to *Ex parte Jones*, No. 12-17-00346-CR, 2018 WL 1835925, at *1 (Tex. App.—Tyler Apr. 18, 2018). However, the Tyler Court withdrew that opinion and replaced it with *Ex parte Jones*, No. 12-17-00346-CR, 2018 WL 2228888, at *8 (Tex. App.—Tyler May 16, 2018, pet. granted) on rehearing. The Court of Criminal Appeals has granted discretionary review of the Tyler Court's opinion on rehearing.

5

of the unconstitutionality of the statute had been previously raised in the prior habeas appeal and "[a]ll of that was denied by the 3rd Court."[5] The trial court denied both motions. Appellant appeals the denial of his pretrial application for writ of habeas corpus.

## DISCUSSION

In a single point of error, appellant argues, as he did before, that the trial court should have granted his pretrial application for writ of habeas corpus because Penal Code section 21.16(c), the statute on which the police based their evidentiary search warrant to seize appellant's cell phone, is unconstitutional because it violates the First Amendment.

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

---

[5] To clarify, in our prior opinion, we concluded that appellant's claim was not cognizable in a pretrial habeas corpus writ. *See Ex parte Taylor*, No. 03-16-00689-CR, 2017 WL 4898989, at *4–5 (Tex. App.—Austin Oct. 26, 2017, pet. ref'd) (mem. op., not designated for publication). Therefore, we did not address the merits of his claim concerning the unconstitutionality of Penal Code section 21.16(c). *See id.*

6

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). "This remedy is reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Ingram*, 533 S.W.3d at 892 (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)); *see Perry*, 483 S.W.3d at 895. Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd); *see, e.g.*, *Perry*, 483 S.W.3d at 895 (addressing cognizability of "as applied" challenge to constitutionality of statute); *Ex parte Doster*, 303 S.W.3d 720, 724–27 (Tex. Crim. App. 2010) (addressing cognizability of claim under Interstate Agreement on Detainers Act). When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Perry*, 483 S.W.3d at 895–96; *Weise*, 55 S.W.3d at 619. Appellate courts should be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial stage. *See Ellis*, 309 S.W.3d at 79; *Doster*, 303 S.W.3d at 724; *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Weise*, 55 S.W.3d at 619; *see Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd); *Paxton*, 493 S.W.3d at 297.

7

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the applicant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006) (citing *Weise*, 55 S.W.3d at 619); *see Smith*, 178 S.W.3d at 801 (explaining that defendant may use pretrial writ of habeas corpus "only in very limited circumstances": (1) to challenge State's power to restrain him at all; (2) to challenge manner of his pretrial restraint, such as denial of bail or conditions attached to bail; and (3) to raise certain issues that, if meritorious, would bar prosecution or conviction); *see also Perry*, 483 S.W.3d at 895 (discussing types of claims that are cognizable in pretrial writ of habeas corpus); *Weise*, 55 S.W.3d at 619–20 (same).

Appellant again argues that he is entitled to pretrial habeas corpus relief because the initial search warrant in this case, which led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices, was rendered invalid because Penal Code section 21.16(c), "the revenge porn statute," is unconstitutional. He again contends that his claim challenging the constitutionality of the statute underlying the search warrant can be raised in a pretrial writ, citing *Siller v. State*, No. 11-15-00016-CR, 2016 WL 4386107, at *2 (Tex. App.—Eastland Aug. 11, 2016) (mem. op., not designated for publicaiton), *judgment vacated*, No. PD-1052-16, 2017 WL 4401901 (Tex. Crim. App. Oct. 4, 2017), as support for his contention.

In *Siller*, police obtained a search warrant for Siller's residence based on an allegation that Siller committed the offense of improper photography or visual recording in violation of Texas Penal Code § 21.15(b)(1). *See Siller*, 2016 WL 4386107, at *1. In searching Siller's home, police found methamphetamine in addition to evidence of the alleged improper-photography offense.

8

*See id.* Siller was indicted for both improper photography and possession of methamphetamine. *See id.* While the cases were pending, the Court of Criminal Appeals held that the improper-photography statute, Penal Code section 21.15(b)(1), is facially unconstitutional to the extent that it proscribed the taking of photographs and the recording of visual images. *See id.* (citing *Ex parte Thompson*, 442 S.W.3d 325, 350–51 (Tex. Crim. App. 2014)). Following the declaration that the statute was unconstitutional, the State dismissed the improper-photography charge. *See id.* Siller then filed a motion to suppress in the methamphetamine case, arguing that the search warrant was void because the improper-photography statute upon which the search warrant was based had been declared unconstitutional. *See id.* The court of appeals concluded that the search warrant was not supported by probable cause because the Penal Code section upon which it was based was later declared unconstitutional and that the absence of probable cause precluded the application of the good-faith exception contained in Article 38.23(b). *Id.* at *4.

We make two observations about the *Siller* opinion. First, the court of appeals addressed Siller's constitutional claim when reviewing his challenge to the denial of his motion to suppress in a post-conviction appeal, not in a pretrial habeas writ. Therefore, appellant's reliance on *Siller* as support for his contention that his claim is cognizable in a pretrial writ is misplaced. Second, the Court of Criminal Appeals reversed the court of appeals on discretionary review. *See Siller v. State*, No. PD-1052-16, 2017 WL 4401901, at *1 (Tex. Crim. App. Oct. 4, 2017). The court vacated the appellate court's judgment, based on the court's holding in *McClintock v. State* that

> the good-faith exception of Article 38.23(b) will apply when "the prior law enforcement conduct that uncovered evidence used in the affidavit for the warrant [was] 'close enough to the line of validity' that an objectively reasonable officer

9

preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct[.]"

541 S.W.3d 63, 73 (Tex. Crim. App. 2017) (quoting *United States v. Massi*, 761 F.3d 512, 528 (5th Cir. 2014)). In light of *McClintock*, the Court of Criminal Appeals remanded the case for consideration of the applicability of the statutory good-faith exception. *See id.*

*Siller* does not support appellant's assertion that his constitutional challenge to Penal Code section 21.16(c)—the statute upon which the probable cause affidavit in this case was based—may be raised in a pretrial application for writ of habeas corpus.

Habeas corpus is an extraordinary writ used to challenge the legality of one's restraint. *See* Tex. Code Crim. Proc. arts. 11.01 (providing habeas corpus is "remedy to be used when any person is restrained in his liberty"), 11.22 (defining "restraint"). "The purpose of an application for writ of habeas corpus is to remove an illegal restraint on an applicant's liberty." *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.); *see Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint."). In the pretrial context, a person is "restrained" as required for pretrial habeas relief by pending criminal charges against him. *See Weise*, 55 S.W.3d at 619 (observing that pretrial habeas applicant "was restrained of his liberty . . . when he was charged with [an offense] and released on bond to await trial"); *Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01."); *see also* George E. Dix

& John M. Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 35:4 (3d ed. 2016) ("In the pretrial context, the existence of pending charges is generally sufficient to show restraint.").

For that reason, pretrial habeas may be used to assert a claim that the statute under which the applicant is being prosecuted is unconstitutional on its face. *See Ingram*, 533 S.W.3d at 892; *Ellis*, 309 S.W.3d at 79; *Weise*, 55 S.W.3d at 620. If the statute is unconstitutional on its face, the statute is not valid and, thus, the charging instrument is void. *Weise*, 55 S.W.3d at 620; *see Ex parte Flores*, 483 S.W.3d 632, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because the invalidity of the statute would render the charging instrument void."). A claim asserting that the statute defining the charged offense (and thus underlying the prosecution) is facially unconstitutional challenges the trial court's power to proceed. *See Weise*, 55 S.W.3d at 620.

We observe that appellant still does not allege that Penal Code section 43.26(a), the possession of child pornography statute, is facially unconstitutional. Instead, he again challenges the facial constitutionality of Penal Code section 21.16(c), "the revenge porn statute." But appellant is being prosecuted under Penal Code section 43.26(a), not Penal Code section 21.16(c). Thus, appellant's constitutional challenge does not challenge the statute under which he is being prosecuted, which is the statute imposing the restraint on his liberty. Even if appellant prevailed on the merits of his constitutional claim and "the revenge porn statute" was found to be defective for the reasons appellant asserts, the trial court would, nevertheless, have the power to proceed with the prosecution against appellant. The alleged unconstitutionality of Penal Code section 21.16(c) does

not render the charging instrument against appellant—based on violations of Penal Code section 43.26(a)—void. Thus, a ruling in appellant's favor would not result in his release from the restraint imposed by the pending charges of possession of child pornography.

In his brief, appellant disputes our statement in our previous opinion that "[a]ppellant, in effect, sought an evidentiary ruling via pretrial habeas." *See Taylor*, 2017 WL 4898989, at *4. He maintains that he "seeks only review of whether the warrant in this case is valid because it is based on a statute that has since been held to be unconstitutional." However, under these circumstances, such a review seeks an evidentiary ruling.[6] Appellant does not in any way challenge the constitutionality of the Penal Code statute subjecting him to restraint. Rather, he seeks a declaration that "the revenge porn statute" is unconstitutional, which, appellant maintains, would

---

[6] We again observe that the claim appellant raised in his pretrial application for writ of habeas corpus simply re-urged his motion to suppress. We note that, as before, the section setting forth "Applicant's Claim" in his habeas corpus application incorporates, verbatim, the first argument raised in his motion to suppress, except that it substitutes the term "Applicant" for "Defendant" and concludes that appellant "is entitled to pre-trial habeas corpus relief" rather than concluding that "all evidence obtained in this case . . . should be suppressed."

A pretrial application for writ of habeas corpus may not be used to challenge the denial of a pretrial motion to suppress. *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969); *see Ex parte King*, 134 S.W.3d 500, 502 (Tex. App.—Austin 2004, pet. ref'd). Further, a defendant "cannot use pretrial habeas corpus as a substitute for a motion to suppress and thereafter pursue an interlocutory appeal of the court's pretrial ruling." *McKeand v. State*, 430 S.W.3d 572, 573 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Appellant acknowledges in his brief that a motion to suppress evidence and an application for pretrial habeas corpus relief are "two separate avenues." He asserts that he "should not be penalized for seeking to exhaust both remedies." We do not construe our holding that appellant's claim is not cognizable in a pretrial habeas corpus writ as penalizing appellant. It simply recognizes that pretrial habeas is not an available remedy for the evidentiary ruling that appellant seeks to review.

12

result in the invalidation of the probable cause affidavit, which, according to appellant, would, in turn, result in the suppression of evidence obtained pursuant to the search warrant based on that affidavit. *But see McClintock*, 541 S.W.3d at 72 (concluding that statutory "good faith" exception of article 38.23(b) applies where search warrant, though later found to be based on illegality, was obtained by law enforcement in good faith and on objectively reasonable belief that it was valid and relied on appropriately obtained evidence); *Siller*, 2017 WL 4401901, at *1 (remanding to court of appeals for consideration of whether good-faith exception of article 38.23(b) applied when probable cause affidavit underlying search warrant was based on Penal Code section subsequently declared unconstitutional). Thus, appellant seeks a ruling regarding the validity (or alleged invalidity) of the initial search warrant—a ruling that forms the basis for the evidentiary suppression that he seeks. At the very least, he seeks an implicit evidentiary ruling. Once again, we express no opinion about the suppression issue but observe that an evidentiary ruling—even in appellant's favor—would not result in appellant's immediate release from the restraint on his liberty imposed by the pending criminal charges under the child pornography statute.[7]

The writ of habeas corpus is not available where judicial determination of the question presented, even if resolved in favor of the applicant, would not result in immediate release.

---

[7] Appellant avers that our prior holding that the resolution of the evidentiary issue in his favor would not result in his release is "arguable" because "every piece of evidence seized in this case is a result of the warrant in question." He maintains that "if Appellant prevailed on this issue, and the warrant was held invalid, the practical result would be that there would be no evidence to present against Appellant." However, release pursuant to the granting of pretrial habeas relief is based on a legal conclusion that the restraint is unlawful, not due to the "practical result" of an evidentiary ruling. The "practical result" of suppressed evidence is not a legal conclusion that the pending restraint of criminal charges is unlawful. Moreover, this "practical result" argument demonstrates that appellant is, in fact, seeking an evidentiary ruling via pretrial habeas.

13

*See Ingram*, 533 S.W.3d at 892 ("Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release."); *accord Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724; *Weise*, 55 S.W.3d at 619. Accordingly, because a ruling in appellant's favor on the merits of his pretrial habeas claim would not result in his immediate release from restraint, we once again conclude that appellant's claim—challenging the constitutionality of the Penal Code statute underlying the probable cause affidavit supporting the search warrant that led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices—is not cognizable on a pretrial application for habeas corpus relief. Therefore, we hold that the trial court did not abuse its discretion by denying appellant's subsequent pretrial application for writ of habeas corpus.

**CONCLUSION**

The function of a writ of habeas corpus is to secure release from unlawful confinement or restraint. Here, appellant again sought an evidentiary ruling regarding the legality (or alleged illegality) of the initial search warrant that led to the ultimate discovery of the digital images of child pornography on appellant's electronic devices. Although he raises a facial constitutional challenge to a Penal Code statute, it is not the statute under which he is being prosecuted and, thus, is not the statute subjecting him to restraint. Therefore, the question presented in appellant's pretrial habeas claim, even if resolved in his favor, would not result in his immediate release. For that reason, we again conclude that appellant's claim is not cognizable on a pretrial application for writ of habeas corpus. Consequently, we cannot conclude that the trial court abused

14

its discretion in denying appellant's application for writ of habeas corpus. We affirm the trial court's order denying habeas relief.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   November 14, 2018

Do Not Publish

15